[No. 16396.    Department One.    April 11, 1921.]

THE STATE OF WASHINGTON, *on the Relation of New Arlington Hotel Company et al., Plaintiff,* v. J. GRANT HINKLE, *as Secretary of State, Respondent.*[1]

CORPORATIONS (234)—DISSOLUTION—VIOLATION OF STATUTE. Under Rem. Code, §§ 3715-3715e, a new corporation having a name similar to that of an existing corporation is not entitled to file its articles with the secretary of state, though the articles of the old corporation have been stricken from the records for delinquency in payment of annual license fees; since such delinquent corporation is entitled to reinstatement on payment of the license taxes at any time during its corporate life.

BRIDGES, J., dissents.

Application filed in the supreme court March 17, 1921, for a writ of mandamus to compel the secretary of state to accept relators' filing of articles of incorporation. Denied.

*John F. Murphy,* for relators.

*The Attorney General* and *Nat U. Brown,* for respondent.

*Chadwick, McMicken, Ramsey & Rupp* and *John P. Garvin, amici curiae.*

HOLCOMB, J.—Relators seek, by mandamus, to compel the secretary of state to accept the filing of articles of incorporation of a domestic corporation to be named "New Arlington Hotel Company, a corporation."

As to the facts there is no controversy.

When the articles of incorporation were presented on February 14, 1921, the secretary of state refused to

[1]Reported in 197 Pac. 4.

accept and file the articles, for the reason that the name of the proposed corporation was so nearly the same as that of an existing corporation as to be misleading. The existing corporation was the "Hotel Arlington Company". That corporation, having failed for two consecutive years to pay its annual license fee, was stricken from the records of the secretary of state's office, under the provisions of Rem. Code, § 3715, on July 1, 1920. At the time of the attempted filing by these relators, the old company was delinquent, but since that time, and since the commencement of this action, it has reinstated itself under the provisions of Rem. Code, § 3715a.

Relators urge that, under Rem. Code, § 3715a, when a corporation has been stricken from the records of the secretary of state for delinquency in paying its annual license fees for two consecutive years, it is legally dead; that the name of a corporation which has become defunct by being stricken from the rolls may be taken by any other corporation (quoting § 3715 in part:

"and any corporation thereafter organized may take and shall have the exclusive right to use the corporate name of any corporation so stricken from the records");

that a corporation is purely a creature of the law, and the privilege of being and acting as a corporation is contingent upon complying with the law.

There is another positive statute, however, § 3715e, prescribing that

"The name of no corporation which has been stricken from the records of the office of the secretary of state for non-payment of its annual license tax shall be adopted by another corporation until the expiration of the time within which such delinquent corporation is allowed in which to apply for reinstatement, or while such application for reinstatement is pending."

In *State ex rel. Preston Mill Co. v. Howell,* 67 Wash. 377, 121 Pac. 861, we held that the statute of 1911, Rem. Code, § 3715a, which amended the former provisions of the statute with reference to reinstatement of corporations after having been delinquent in the payment of their license tax, abrogated and eliminated any limitation of time (except the limitation of the life of the corporation, of course) for application by such delinquent corporation for reinstatement in the office of the secretary of state. We considered in that case that the legislature deliberately eliminated the limitation of time for reinstatement, and that the purpose thereof was beneficial. That case was very thoroughly argued by eminently able counsel for the state, for the relator, and by eminent counsel as *amici curiae.* We are of the opinion that it correctly analyzed the statutes governing the matter in controversy, that it is the law, and should not be overruled.

Consequently we are governed by the decision in that case in determining this case. The Hotel Arlington Company, therefore, was not defunct at the time relators applied to file their articles of incorporation, but was, it might be said, merely dormant, and, under the statutes, and under the decision in the *Preston Mill Company* case, had a right to reinstate itself within the original life of the corporation by complying with the statutes under the provisions of Rem. Code, § 3715e, above quoted. Relators had no right to the name of the corporation, or anything so near it as to be misleading, and the secretary of state was justified in refusing to file the articles of incorporation of relators.

The writ is denied.

PARKER, C. J., and FULLERTON, J., concur.

BRIDGES, J., dissents.