[No. 16107. Department One. May 16, 1921.]

WILKINS DITCH COMPANY, *Appellant,* v. F. C. DRAKE
*et al., Respondents.*[1]

QUIETING TITLE (2)—DEFENSES—ADVERSE CLAIM OF TITLE. An action by a ditch company to quiet title in itself to an irrigation canal, and to enjoin defendants from taking water therefrom, cannot be maintained where it appears that the defendants have a right to take water from the canal for irrigating and domestic purposes.

APPEAL (480)—DETERMINATION OF CAUSE—SCOPE OF RELIEF TO DEFENDANT IN ERROR. Where, in an action to quiet title, defendants sought affirmative relief, but the court dismissed plaintiff's action without undertaking to adjudicate the rights of defendants, they are not estopped on appeal to contend against plaintiff's right of recovery.

Appeal from a judgment of the superior court for Kittitas county, Truax, J., entered December 9, 1919, dismissing an action to quiet title. Affirmed.

*C. R. Hovey* and *Carroll B. Graves,* for appellant.
*Eugene E. Wager,* for respondents Snoden *et al.*
*Kern & Henton,* for respondents Carpenter *et al.*
*Pruyn & Hoeffler,* for respondent Pattenaude.

BRIDGES, J.—The plaintiff brought this action for the purpose of quieting title in itself to a certain irrigation canal commonly known as the Wilkins Ditch, and to enjoin the defendants from using the ditch or taking waters therefrom for irrigation or other purposes. The defendants not only denied the material allegations of the complaint, but affirmatively set up that they had rights in the ditch and in the waters flowing therein, senior and superior to those of the plaintiff. After all the testimony was in and the court had considered the matter, it made an order dismissing the plaintiff's

[1]Reported in 197 Pac. 769.

action, but did not undertake to adjudicate any of the claimed rights of the defendants. From this judgment the plaintiff has appealed.

Although there is some sharp conflict as to what the actual facts are, a careful reading of the evidence convinces us they are, in substance, as follows: In 1885, or 1886, the Teanaway Ditch Company was incorporated under the laws of the State of Washington. Most, if not all, of its incorporators and stockholders were the owners of lands which needed irrigation. The original project of this company was to construct a ditch from the Teanaway river southerly through a portion of the Kittitas valley to their lands, thus irrigating them with the waters of that river. This project was soon abandoned, however, and a ditch was constructed which connected with what is called the high-water channel of the Nanum creek or river. The company, in constructing this ditch, used, in part at least, the high-water channel of the Nanum and various depressions in the ground. By 1886, or 1887, water was turned into the ditch and thereafter the corporation was permitted to become wholly inactive. It did not hold any meetings of stockholders or directors; it did not do any work toward the maintenance or operation of the canal or ditch; it did not pay any license fees to the state, or otherwise maintain its existence. A good many years ago, the exact time not being shown in the testimony, the secretary of state struck its name from his records because of its failure to pay its annual license fee. Its various stockholders, who were the owners of land needing irrigation, gave some attention to the ditch and its operation subsequent to the so-called death of the corporation, and at all times have used the ditch for the purpose of carrying waters to irrigate their lands.

Most, if not all, of the defendants, or their predecessors in interest, owned lands for the most part nearer the Nanum than the lands owned by the individual stockholders of the Teanaway Company, and before the ditch was constructed the respondents, or their predecessors in interest, irrigated their lands from the Nanum, apparently by bringing a part of its waters into the high-water channel of that creek and tapping that channel at various places. During the early irrigation season, there was plenty of water in this channel, and the then owners of the lands, now owned by the respondents, made no objection to the Wilkins Ditch connecting with that channel. The capital stock of the Teanaway Company was $50,000, divided into 1,000 shares of $50 each. Only about 400 of these shares, however, were ever sold.

Matters ran along in this way until March, 1918, when several, but not all, of the old stockholders of the Teanaway Company organized the appellant, Wilkins Ditch Company. Shortly after its organization, it instituted this suit. Before the suit was started, however, a part of the old stockholders of the Teanaway Company undertook to convey to the appellant such right, title and interest as they, as stockholders of the Teanaway Company, had in the Wilkins Ditch, and it is for the most part by virtue of these transfers that the appellant seeks to maintain its action. Its line of argument is, that since the Teanaway corporation is dissolved, its property has vested in its stockholders as tenants in common, and that tenants in common of real estate are entitled to possession as against all the world except their co-tenants, and that they may resort to any appropriate remedy affecting the entire property, and that a stranger cannot object because all of the co-tenants are not parties to the action, and that

a part of such co-tenants may deed their interests to the appellant, who would have a right to maintain this action. Of course, the necessary premise for this argument is that the original Teanaway Company has ceased to exist and has been dissolved because the secretary of state has stricken its name from the files of corporations in his office. The time was when our statutes provided that when the secretary of state struck the name of a corporation for failure to pay its annual license fees, such action worked a final dissolution, unless the corporation, within a designated time, paid its delinquent license fees and reinstated itself; but apparently those statutes were amended so as to repeal the provision limiting the time within which such stricken corporations might reinstate themselves. See Rem. Code, §§ 3715 a, b, c, d and e. See, also, *State ex rel. Preston Mill Co. v. Howell,* 67 Wash. 377, 121 Pac. 861, and the recent case out of this court of *State ex rel. New Arlington Hotel Co. v. Hinkle, ante* p. 298, 197 Pac. 4.

Under this statute and under these decisions, it may be questioned whether the Teanaway Company is dissolved and dead to the extent that its property has become vested in its stockholders. But even should it be considered as dissolved, § 3715d, provides that in case of such dissolution,

"the trustees of such corporation shall hold the title to the property of the corporation for the benefit of its stockholders and creditors to be disposed of under appropriate court proceedings."

We will, however, assume, but not determine, that the Teanaway Company is entirely dissolved, and that its property has vested in its stockholders, and we will also assume that some of those stockholders may deed their interest in this ditch to the appellant and thus

authorize it to maintain this suit, yet, after so assuming, we are of the opinion that the lower court was correct in dismissing the action. We feel satisfied that the evidence shows that most, if not all, the respondents have rights in at least a portion of this Wilkins Ditch, and have a right to take water therefrom for irrigating and domestic purposes. Such being the case, the appellant is in no position to quiet title as against them, or to enjoin them from taking waters from the ditch. If it be conceded that the appellant is the owner of the ditch, there is a very great difference between the court adjudicating it to be the owner and quieting title in it, for it may be the owner subject to certain rights vested in the respondents, whereas a decree quieting the title in it would, of necessity, determine not only that it was the owner of the ditch, but that none of the respondents had any rights therein.

The appellant argues, however, that inasmuch as the respondents by their answer, sought affirmative relief and the court did not give it to them, and they have not appealed, they are not in position to contend that the appellant cannot recover because of their superior rights. We cannot accept this argument. The court did not undertake to adjudicate their rights in this action; it merely held and adjudicated that the appellant was not entitled to the relief which it sought. If the respondents were satisfied that the court should not adjudicate their rights, certainly the appellant cannot complain. The rights of the respondents are today what they were before the court entered its order dismissing appellant's action. The judgment is affirmed.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB., JJ., concur.