[No. 19386.   Department One.   July 15, 1925.]

THE STATE OF WASHINGTON, *on the Relation of F. V. Bowen, as Trustee of the Fruit Beverage & Canning Company, Plaintiff,* v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Ralph C. Bell, Judge, et al., Respondents.*[1]

CORPORATIONS (193)—ACTIONS—CAPACITY TO SUE AND BE SUED—FAILURE TO PAY LICENSE FEE—DEFENSE. A corporation may be sued and defend, although its name has been stricken from the records of the secretary of state, under Rem. Comp. Stat., § 3842, where it has the right to be reinstated under Id., § 3843.

Application filed in the supreme court May 29, 1925, for a writ of prohibition to prevent the superior court for Snohomish county, Bell, J., from further proceeding with a cause.  Denied.

*Oliver Anderson* and *Alex M. Vierhus,* for relator.

*E. W. Klein,* for respondents.

BRIDGES, J.—The respondent bank brought suit against the relator, Fruit Beverage & Canning Company, to recover on a promissory note given by the company and to foreclose a real estate and personal property mortgage given to secure the indebtedness.

[1]Reported in 237 Pac. 722.

After service of summons, the relator company made a special appearance and moved to quash the service of process. This motion the trial court denied. Thereupon the company instituted this proceeding, seeking a writ from this court prohibiting the trial court from further proceeding with the trial.

The parties have not questioned the propriety of the proceeding, and for that reason we shall assume, but not decide, that this is a proper case for us to decide on its merits.

The basis of the relator's contention is that, it being admitted that, at the time of the commencement of this suit, its name had been, by the secretary of state, stricken from his books because of its failure to pay its annual license fees, it lost its existence, at least to the extent that it was neither capable of suing nor being sued.

Section 3842, Rem. Comp. Stat. [P. C. § 4647] (Laws of 1907, p. 271), makes it the duty of the secretary of state to strike from the records of his office the name of any corporation which shall have neglected for a period of two years to pay its annual license fee, and permits any corporation thereafter organized to use the name stricken. Section 3843, Rem. Comp. Stat. [P. C. § 4652] (Laws of 1911, p. 135), provides that any corporation whose name has been stricken as above indicated is authorized to apply to the secretary of state for reinstatement at any time after its name has been stricken. The next section, Rem. Comp. Stat., § 3844 [P. C. § 4653], provides for the payments to be made before the secretary of state shall be authorized to reinstate the corporation. It will be noticed that, at the present time, a corporation whose name has been stricken may at any time thereafter reinstate itself. We have so held in the following cases: *Peck*

*v. Linney,* 97 Wash. 103, 165 Pac. 1080; *State ex rel. New Arlington Hotel Co. v. Hinkle,* 115 Wash. 298, 197 Pac. 4.

Relator relies on the following language from *Peck v. Linney, supra:*

"Without deciding the question of the status of a corporation dissolved under the act of 1909 before the passage of the act of 1911 as to its capability of being revived and reinstated upon the records of the office of the secretary of state, we are clearly of the opinion that, while it remains in this at least dormant condition it cannot function as a corporate entity, that it cannot either sue or be sued as such, and that whatever litigation may be instituted seeking to affect its property must be in actions wherein its successors in interest, its trustees, or possibly its receiver, are parties."

But this language was used in connection with a corporation whose name had been stricken and a notation of dissolution made by the secretary of state under the 1909 act [Laws of 1909, Ex. Sess., p. 57], which provided that any corporation whose name had been stricken by the secretary of state might, within six months thereafter, reinstate itself by paying certain sums, and that if it did not make application for reinstatement within the six months the secretary of state should "enter upon his records a notation that such corporation is dissolved and it shall thereupon be dissolved. . . ." The corporation involved in *Peck v. Linney, supra,* had been dissolved as provided by the 1909 act. But the 1911 statute, which is now the law on the subject, having provided that a corporation whose name had been stricken might at any time thereafter be reinstated, has the necessary effect of annulling that portion of the 1909 statute providing for reinstatement within six months and for dissolution if the application be not so made. *State ex rel. New Arlington Hotel Co. v. Hinkle, supra.*

Under the present statute, there is no such thing as a dissolution of the corporation by the secretary of state. While the name of the relator has been stricken, it still has the right to be reinstated. Unquestionably, under § 3842, Rem. Comp. Stat., the relator would not be permitted to maintain an action, but there is no reason why it may not be sued and defend. So long as it may reinstate itself, it is not dead, but its powers are merely circumscribed.

In *State ex rel. New Arlington Hotel v. Hinkle,* *supra,* we held that a new corporation could not take the name of an old corporation whose name had been stricken, because it had a continuing right to be reinstated.

The writ is denied.

TOLMAN, C. J., PARKER, ASKREN, and MAIN, JJ., concur.