[No. 19917.   Department One.   May 12, 1926.]

∘ EDWARD BOYCE, *Plaintiff*, v. J. GRANT HINKLE, *as
Secretary of State et al., Defendants.*[1]

[1] CORPORATIONS (238)—PROCEEDINGS TO ENFORCE DISSOLUTION. Rem.
1923 Sup., § 3843, providing that any corporation whose name
had been stricken by the secretary of state for failure to pay
its license fee for two years may be reinstated within three
years thereafter, and § 3846 providing for their dissolution if
not so reinstated, is retrospective in operation and corporations
previously stricken are entitled to be dissolved after the expira-
tion of three years.

Application filed in the supreme court April 2, 1926,
for writ of mandate to compel the secretary of state
to note on the public records the dissolution of a corpo-
ration.   Granted.

*James E. Babb,* for plaintiff.

*The Attorney General, L. B. Donley, Assistant,* and
*John H. Wourms,* for defendant.

ASKREN, J.—This is an action for a writ of mandate
to compel the secretary of state to enter upon the
records of his office a notation that the Snowy Peak
Mining Company, a corporation, is dissolved.   There
is no issue of fact to be determined, and the matter is
presented to this court solely upon the question of the
construction of the law applicable.   The facts follow:

The corporate name of the Snowy Peak Mining Com-
pany was stricken from the records of the secretary of
state on July 1, 1916, for failure to pay its annual
license fee.   At that time, and at all times thereafter
up until the passage of ch. 144, Laws of 1923, p. 462,
the corporation had the right, upon application, to be
reinstated upon the records of the office of the secre-

tary of state. *State ex rel. Bowen v. Superior Court,* 135 Wash. 315, 237 Pac. 722.

The legislature amended § 3843, Rem. Comp. Stat. [P. C. § 4652], by Chapter 144, Laws of 1923, p. 462, to read as follows:

"*Every* corporation whose name *has been,* or shall *hereafter* be, stricken from the records of the office of the secretary of state in pursuance of law for failure to pay its annual license fee for two years, is hereby authorized and permitted to apply to the secretary of state for reinstatement at any time *within* three years after its name *has* been stricken from the records of the office of the secretary of state. Any corporation stricken from the records *and dissolved, as provided* in this chapter, may at any time thereafter hold a meeting of stockholders, in the same manner as provided during its corporate existence, and pass such resolutions as may be necessary to close out its affairs and wind up the business of such corporation, and where such stricken and dissolved corporation has heretofore held such meetings of stockholders for the purpose of passing resolutions to wind up its affairs, such method of procedure is hereby validated and approved." Laws of 1923, p. 465; Rem. 1923 Sup., § 3843.

Section 3846, Rem. Comp. Stat. [P. C. § 4655], is as follows:

"If, however, *within the period named within which a corporation may make application to be reinstated such corporation shall not have made such application, the secretary of state shall enter upon his records a notation that such corporation is dissolved,* and it shall thereupon be dissolved and the trustees of such corporation shall hold the title to the property of the corporation for the benefit of its stockholders and creditors to be disposed of under appropriate court proceedings." Laws of 1909, Ex. Sess., p. 57, § 4.

We have italicized the portions of the above sections which have particular application in the instant case. After the passage of the amendment to § 3843, one of

the trustees of the corporation, being desirous of disposing of its property, brought this action on behalf of himself and stockholders owning ninety per cent of the stock of the corporation, to compel the secretary of state to enter a notation that the corporation was dissolved. The secretary of state refused upon the ground that, under § 3846, Rem. Comp. Stat., the corporation had three years from June 7, 1923, (the date when the act took effect) in which to apply for reinstatement. It is the contention of plaintiff that the act is retrospective in character, and that immediately upon the act taking effect all corporations whose names had been stricken from the roll more than three years prior to its passage, became dissolved, and it was the duty of the secretary of state to enter such notation. The contention of the defendant is that the act is wholly prospective in character, and that all corporations whose names were stricken after the taking effect of the act have three years from the date of the striking to reinstate themselves, and that all those stricken, prior to the date of the act becoming effective, have three years from the date of the taking effect of the act to reinstate themselves.

The defendant urges upon us the well-established rule of law that statutes of limitation will not be given retrospective effect unless the intention of the legislature to do so is clearly made manifest. Let us apply the rule to the statute in question.

[1] Striking from the first sentence of § 3843, *supra,* those words which have no application to corporations previously stricken, it reads as follows:

"Every corporation whose name has been  .  .  . stricken from the records of the office of the secretary of state, in pursuance of law for failure to pay its annual license fee for two years, is hereby authorized and permitted to apply to the secretary of state for re-

instatement at any time within three years after its name has been stricken from the records of the office of the secretary of state." Laws of 1923, p. 465.

The meaning of this section is plain and unambiguous. The legislature has said in clear and concise language that this corporation, whose name was stricken in July, 1916, has until July, 1919, to reinstate itself. There can be no question, then, that the statute is retrospective in character. It should be here observed that no contention is made by either party to the action that the statute, because of its retrospective character, is unconstitutional. The plaintiff desires to accept the provisions of the statute and avail himself of the right thereby granted and the limitations imposed. It follows, therefore, since the act is retrospective in character, that, upon the date when the act became effective, June 7, 1923, all corporations whose names had been stricken from the roll for more than three years prior to the passage of the act, and who had not been reinstated, were subject to being dissolved by a notation duly spread upon the records of the office of the secretary of state.

The writ of mandamus will issue ordering the secretary of state to enter such an order.

TOLMAN, C. J., HOLCOMB, MITCHELL, and FULLERTON, JJ., concur.