[No. 23853. Department Two. November 30, 1932.]

JAMES DONALD, *Respondent*, v. TOM V. FEEHELY *et al.*, *Appellants*, MARGARET FEEHELY, *Defendant*.[1]

*Bronson, Jones & Bronson* and *W. L. Grill*, for appellants.

BEALS, J.—Plaintiff instituted this action against Tom Feehely, Cissie Tandy and Margaret Feehely, claiming an indebtedness on account of services rendered and cash disbursed. Defendants contended that any amount due plaintiff was owed by American Tile Company, an Oregon corporation, in which defendants were stockholders, and not by defendants individually. A trial to the court, sitting without a jury, resulted in a judgment in plaintiff's favor for the sum of $226.47, salary, and $28.10, cash disbursed, from which judgment defendants appeal.

[1]Reported in 16 P. (2d) 616.

Respondent has filed no brief, nor made any appearance whatsoever in this court. Of the defendants in the action, only Tom V. Feehely and Cissie Tandy were served with process, no jurisdiction ever having been obtained over the other defendant.

It appears from the testimony that respondent was in the employ of American Tile Company for some time prior to December, 1928, when his employment ceased; that, in January, 1930, negotiations were opened between respondent and appellants, looking toward the opening of an office in the city of Seattle in charge of respondent, for the sale of tile and other products handled by American Tile Company. Pursuant to these negotiations, respondent came to Seattle, and the business was there established under the name of Hereford Tile Co., which was simply a trade name.

Respondent contended that appellants were copartners doing business as Hereford Tile Co., and that they, as individuals, are indebted to him, as found by the trial court.

As a matter preliminary to the opening of business in Seattle, a lease was taken in the name of American Tile Company and executed by that company as lessee, which lease was arranged for by respondent and by him forwarded to the office of the corporation in Portland. Many letters are in evidence, written by respondent to American Tile Company, referring to the business in the Seattle office. Under date April 30, 1930, respondent wrote to American Tile Company, calling attention to the fact that Hereford Tile Co.'s Seattle bank desired the execution of a document "authorizing Mrs. Tandy's signature as secretary of the American Tile Company, a corporation which does not exist in the state of Washington," and that respondent had explained to the bank "that the Hereford Tile Co. is a subsidiary company of the American Tile Com-

pany, of Portland, Oregon; that only deposits are made locally, and that all cheques against the account will be issued in Portland, Oregon." There are also in evidence several checks drawn in favor of respondent by American Tile Company, Inc.

After the Seattle branch of business was manifestly a failure, respondent, under date January 3, 1931, wrote to American Tile Company, at Portland, concerning a proposed agreement, which he forwarded "for your immediate approval, rejection or change," and four days later he again wrote American Tile Company, referring to his back salary and some disbursements. In none of these letters does it appear that respondent made any claim against appellants personally. Respondent knew that American Tile Company was a corporation, because he had been some time in its employ, and at one time had in his name one share of its capital stock.

While American Tile Company, an Oregon corporation, had no right to engage in business in the state of Washington, the state took no steps to interfere with its proceedings, and we are unable to hold that the fact that the American Tile Company was engaged in business in this state without authority gave respondent any rights against appellants, as individuals.

The evidence preponderates against the finding of the trial court to the effect that appellants hired respondent or individually became indebted to him.

Examination of the record convinces us that the trial court erred in awarding respondent judgment against appellants, and the judgment appealed from is reversed, with directions that the action be dismissed.

TOLMAN, C. J., MAIN, STEINERT, and HERMAN, JJ., concur.