[No. 2027-1.    Division Three.    December 17, 1973.]

WILLIAM ROSS TAGLIANI, *Appellant*, v. ROBERT COLWELL *et al., Respondents.*

*Vaughn E. Evans,* for appellant.

*Riddell, Williams, Voorhees, Ivie & Bullitt* and *Stimson Bullitt,* for respondents.

GREEN, C.J.—Plaintiff, William Ross Tagliani, appeals from a summary judgment dismissing his complaint and an order denying leave to file a first amended complaint.

On March 27, 1972, plaintiff brought this action against defendants and their wives to recover damages for personal injuries. The complaint alleged in substance that at the time of the accident each named defendant was either an officer or director of Hyak Skiing Corporation; that defendants A through ZZ are stockholders who assumed to act as a corporation without authority to do so and are jointly and severally liable under RCW 23A.44.100; that defendants operated an aerial tramway carrying passengers for hire under the name of Hyak Skiing Corporation at Hyak without first having paid an annual license fee to the Secretary of State for the privilege of doing business as a corporation as required by RCW 23A.40.075; that on December 30, 1971, plaintiff, while a paying passenger on the aerial tramway, received personal injuries "proximately caused by the tortious conduct of the defendants, their agents and employees."

On April 24, 1972, defendants denied the material allegations of plaintiff's complaint.

Thereafter, on August 23, 1972, defendants filed a motion for summary judgment supported by an affidavit which stated that Hyak was incorporated in 1959 and a certificate of incorporation issued to it that year; its license fee for fiscal year 1971-72 became due and payable on or before July 1, 1971; and this license fee was paid on January 6, 1972.

On September 26, 1972, the trial court orally granted defendants' motion for summary judgment. Before entry of the written order, plaintiff, on October 2, 1972, filed a motion for reconsideration; and on November 15, 1972, moved for leave to file a first amended complaint adding additional

parties and causes of action, a copy of which was attached to the motion. These motions were denied on November 20, 1972, and the order granting summary judgment for defendants was entered. From that order plaintiff appeals.

The trial court granted summary judgment as to plaintiff's complaint upon the ground that the failure of Hyak to pay its annual license fee for a period of 6 months did not expose its officers, directors and shareholders to personal liability for corporate acts. Plaintiff contends this was error.

In support of this contention, plaintiff asserts that personal liability on the part of the officers, directors and shareholders of Hyak arose out of a 1969 amendment, Laws of 1969, 1st Ex. Sess., ch. 92, p. 759, to RCW 23A.40.060. Prior to that time, this statute provided:

> Every corporation organized under the laws of this state, . . . shall pay, on or before the first day of July of each and every year, to the secretary of state, . . . an annual license fee . . .

In 1969 this statute was amended to read:

> *For the privilege of doing business,* every corporation organized under the laws of this state, . . . shall pay, on or before the first day of July of each and every year, to the secretary of state, . . . an annual license fee . . .

(Italics ours.) The corporate law was also amended to add RCW 23A.40.075, the pertinent part reading as follows:

> The annual license fee required by RCW 23A.40.060, as now or hereafter amended, . . . is a tax on the *privilege of doing business* as a corporation in the state of Washington, but is not a tax on the privilege of existing as a corporation. No corporation shall do business in this state without *first* having paid its annual license fee, . . .

(Italics ours.) Plaintiff argues that when Hyak failed to pay its license fee, defendants became personally liable under RCW 23A.44.100, a statute enacted prior to the foregoing amendments:

> All persons who assume to act as a corporation without

authority so to do shall be jointly and severally liable for all debts and liabilities incurred or rising as a result thereof.

We are unable to agree with plaintiff's position.

The consequences for failing to pay the annual license fee are set out in the statutes as follows:

RCW 23A.40.070:

In the event any corporation, . . . shall do business in this state without having paid its annual license fee when due, there shall become due and owing the state of Washington an additional license fee equivalent to one percent per month or fraction thereof computed upon each annual license fee from the date it should have been paid to the date when it is paid . . .

RCW 23A.40.075 provides in part:

Every domestic corporation which *shall fail for three consecutive years* to acquire an annual license for the privilege of doing business in this state *shall cease to exist as a corporation* on the third anniversary of the date it was last licensed to do business . . . When a corporation has ceased to exist by operation of this section, . . . the directors of the corporation shall hold the title to the property . . . as trustees for the benefit of its creditors and shareholders.

(Italics ours.) Criminal sanctions are imposed under RCW 9.24.040:

Every corporation, whether domestic or foreign, and every person representing or pretending to represent such corporation as an officer, agent or employee thereof, who shall transact, solicit or advertise for any business in this state, before such corporation shall have obtained from the officer lawfully authorized to issue the same, a certificate that such corporation is authorized to transact business in this state, shall be guilty of a gross misdemeanor.

In the instant case, the annual license fee was paid 6 months after it became due. Thus, the corporation did not cease to exist under RCW 23A.40.075 quoted above. Accordingly, Hyak Skiing Corporation is capable of being sued

and defending lawsuits as a corporation, for RCW 23A.40.075 provides:

> Failure of the corporation to pay its annual license fees *shall not* derogate from the rights of its creditors, or prevent the corporation from being sued and from defending lawsuits, nor shall it release the corporation from any of the duties or liabilities of a corporation under law.

(Italics ours.)

In summary, the only statutory consequences for Hyak's failure to pay the annual license fee are monetary penalties imposed under RCW 23A.40.070 and the criminal sanctions that may be imposed under RCW 9.24.040. We believe these penalty provisions measure the remedy of an individual who deals with the corporation. *Martin Bros. v. Nettleton,* 138 Wash. 102, 244 P. 386 (1926). It is clear that the legislature by statute has not imposed personal liability on officers, directors and shareholders of a corporation doing business in this state without paying an annual license fee for a period of less than 3 years. We conclude the legislature did not intend the 1969 amendments to impose such personal liability by implication.[1] *See Donald v. Feehely,* 170 Wash. 393, 16 P.2d 616 (1932).

Furthermore, RCW 23A.40.075 provides:

> A domestic corporation which has not ceased to exist by operation of law may restore its privilege to do business by paying the current annual license fee and a restoration fee which shall include a sum equivalent to the amount of annual license fees the corporation would have paid had it continuously maintained its privilege to do business . . . Upon payment of the above fees, resto-

---

[1]We find it more likely that the amendment was intended to conform the language of the Laws of 1969, 1st Ex. Sess., ch. 92, p. 759 (RCW 23A.40.060), to the language contained in RCW 23A.40.140 pertaining to foreign corporations where the annual license fee is "for the privilege of doing such intrastate business in this state." Further, the legislature in all probability intended to recognize the fact that the right of a corporation to exist is not constitutionally taxable property under article 7, section 2 of the Washington Constitution as decided in *Bank of Fairfield v. Spokane County,* 173 Wash. 145, 162, 22 P.2d 646 (1933); whereas, the privilege to do business is constitutionally taxable property.

> ration shall be effective, *and the corporation shall have all the rights and privileges it would have possessed had it continually maintained its privilege to do business.*

(Italics ours.) Although plaintiff argues to the contrary, we believe that this restoration is retroactive to the date of the original delinquency. *See Eastman & Co. v. Watson,* 72 Wash. 522, 525, 130 P. 1144 (1913); *Northwest Motor Co. v. Braund,* 89 Wash. 593, 154 P. 1098 (1916); *Boyce v. Hinkle,* 139 Wash. 164, 245 P. 927 (1926); *Karnes v. Flint,* 153 Wash. 225, 233, 279 P. 728 (1929); *Portland Ass'n of Credit Men, Inc. v. Earley,* 42 Wn.2d 273, 278, 254 P.2d 758 (1953).

■ Plaintiff also contends that summary judgment should not have been granted because his original complaint contained two theories: (1) Defendants are individually liable because of their failure to pay the annual license fees; and (2) defendants were liable for their own individual tortious conduct. Thus, it is asserted that even if the trial court's determination was correct as to the first ground, it erred in granting summary judgment of dismissal as to the second ground. On November 20, 1972, at the time of oral argument upon the motion for reconsideration and for leave to file an amended complaint, counsel for plaintiff stated:

> My original complaint was based solely and only upon the failure to pay an annual license fee. That is all it is based on.

It seems evident that plaintiff's contention is raised for the first time on appeal and is contrary to the position taken before the trial court and is therefore without merit.

■ Finally, it is contended that the trial court erred in refusing to permit plaintiff to file his first amended complaint. The first amended complaint restated the original complaint as a first cause of action and then added two causes of action alleging that the defendants and certain added defendants were liable by reason of their personal conduct in causing injuries to the plaintiff. The motion for leave to amend was filed after the defendant's answer to the original complaint and after the motion for summary

judgment had been argued and orally granted; however, it was filed prior to entry of the order granting summary judgment. Intervening at this juncture in the proceedings, the motion for leave to amend the complaint is addressed to the sound discretion of the trial court. *Whelan v. New Mexico W. Oil & Gas Co.*, 226 F.2d 156 (10th Cir. 1955); *see Horn v. Allied Mut. Cas. Co.*, 272 F.2d 76 (10th Cir. 1959); CR 15(a).

Under CR 15(a), leave to amend shall be freely given when justice so requires. In reversing a trial court's denial of a motion for leave to amend under a comparable federal rule, the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227, 230 (1962), said:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*See Freeman v. Continental Gin Co.*, 381 F.2d 459 (5th Cir. 1967).

The trial judge, in denying leave to amend, said:

> When a lawsuit is started, comes on for trial, a trial is had, we have to have an end to litigation and it is not timely after a party has lost on the merits to make another claim. And a summary judgment is a trial.

Implicit in this statement is the view that pleadings may not be amended after the trial court has orally ruled upon a motion for summary judgment but before the order is entered. In this view, the trial court erred. In *Foman* an amendment was allowed after a judgment of dismissal for failure to state a claim on which relief could be granted had been formally entered. As indicated above, a trial judge is not foreclosed by his oral or preliminary ruling from considering a motion for leave to amend. *See Freeman v. Continental Gin Co., supra; Whelan v. New Mexico W. Oil & Gas Co., supra; Horn v. Allied Mut. Cas. Co., supra.*

In the instant case, plaintiff was injured on December 30, 1971. This action was commenced on March 27, 1972, and defendants answered on April 24. Defendants' motion for summary judgment was filed on August 23 and on September 26 the motion was orally granted. The only matters considered in ruling on the motion were the allegations of the pleadings and the affidavit as to the late payment of the annual license fee. In this circumstance, courts should be more lenient in granting motions for leave to amend in the absence of a showing of undue prejudice, dilatory practice, or undue delay. 6 J. Moore's *Federal Practice* ¶¶ 56.02[4], 56.10 (2d ed. 1972). Our review of the instant case reflects no undue prejudice, dilatory practice, undue delay, or any of the other considerations delineated in *Foman.*

Accordingly, the order denying leave to file plaintiff's first amended complaint is reversed and leave to file the first amended complaint is granted; the order granting summary judgment as to the original complaint is affirmed, and such summary judgment shall be applicable to the first cause of action contained in the plaintiff's first amended complaint.

MUNSON and McINTURFF, JJ., concur.