AVON PUBLISHING CO., Inc., Eton Books, Inc., and Avon Publications, Inc., Plaintiffs,

v.

The AMERICAN NEWS COMPANY, Inc., and the Union News Company, Defendants.

United States District Court
S. D. New York.

Oct. 17, 1955.

See, also, 122 F.Supp. 660.

William Gold, New York City, for plaintiffs.

Roth & Riseman, New York City, for defendants.

DIMOCK, District Judge.

Defendants move for leave to reargue the motion initially decided by my memorandum of August 8, 1955. In that memorandum, I denied defendants' motion to amend the answer of defendant The American News Company, Inc., so as to interpose counterclaims against each of the plaintiffs and a claim against one Avon Book Sales Corporation and for an order joining Avon Book Sales Corporation as a defendant in this action. By letter dated September 19, 1955, defendants have withdrawn that part of the motion relating to the joinder of Avon Book Sales Corporation.

Defendant American's proffered counterclaim alleges violation of the Robinson-Patman Act, 15 U.S.C. § 13 et seq. American therein alleges that plaintiffs are guilty of price discrimination against defendant American and in favor of Avon Book Sales. This counterclaim was not proffered until sixteen months after defendant's original answer was served. Defendants explain American's failure to interpose this counterclaim at the time defendants served their original answer on the ground that they first learned of the facts underlying the counterclaim sixteen months later.

I denied defendants' motion on two grounds: (1) defendants had failed to substantiate by affidavits or otherwise that defendants and their officers had no prior knowledge of the facts relating to the counterclaim; and (2) an inconsistency between this counterclaim and a claim brought in the state court by these defendants against these plaintiffs. Upon both grounds, I was convinced that

there was some doubt as to defendants' good faith in attempting to interpose the counterclaim at that late date.

The inconsistency that I thought existed arose from the statement in the state court complaint that American was a "distributor" of plaintiffs' books and the statement in the counterclaim that it was a purchaser of the books. American now points to another statement in the state court complaint to the effect that American "bought" the books from Avon.

However, even if the word "bought" is deemed to control the ordinary meaning of "distributor" so as to remove the apparent inconsistency, my original decision would stand.

Courts grant reargument only when the court has overlooked something which would affect the court's decision. Rule 9, General Rules of U. S. District Courts, S.D.N.Y. and E.D.N.Y. It is not meant to be a device by which a party may add arguments or information which the party had available at the original hearing but which, for some reason, he did not offer. Here, defendants had two opportunities during the original hearing to substantiate their claim of no prior knowledge of the facts relating to the counterclaim. With their original motion, defendants submitted an affidavit by their former counsel dealing solely with the date that he learned of the facts. Plaintiffs, in an answering affidavit, correctly pointed out that defendants did not thereby substantiate a claim of no knowledge by the defendants. In addition, plaintiffs specifically alleged that defendants knew the facts involved when they submitted their original answer and challenged defendants to swear to the contrary. This court then granted defendants leave to submit a reply affidavit. The reply affidavit, sworn to by one of defendants' present counsel, made no reference to defendants' knowledge of the facts involved. Now, for the first time, defendants submit an affidavit by the Vice-President of American, denying knowledge of prices charged by plaintiffs to Avon Book Sales Corporation. As-

suming, although I have some doubt, that this affidavit is sufficient, it comes far too late to affect my decision on the motion.

Motion to reargue denied.