[No. 35100. Department Two. January 21, 1960.]

CORNELIUS C. MADIGAN, *Respondent,* v. WILLIAM H. TEAGUE et al., *Appellants.*[1]

[1]Reported in 348 P. (2d) 403.

*Ferguson & Burdell* (*W. Wesselhoeft*, of counsel), for appellants.

*Burgess & Hallin*, for respondent.

ROSELLINI, J.—This action arose out of an accident which occurred on 23rd avenue in the city of Seattle, when an automobile driven by the plaintiff stopped at an intersection and was struck from the rear by an automobile driven by Ruth Young. A few seconds thereafter, the Young automobile was struck by a panel truck driven by William H. Teague and pushed again into the rear of the plaintiff's automobile. As a result of the accident, plaintiff was physically injured. Both drivers and their marital communities were joined as defendants, and defendants Young cross-complained against defendants Teague for property damages.

In answer to special interrogatories, the jury found that the plaintiff's car was involved in two separate and distinct impacts, the first due to the negligence of Ruth Young and the second caused by the negligence of Teague. A verdict was returned in favor of the plaintiff against both defendants and their marital communities jointly.

The appellants make but one assignment of error, the denial of their motion for judgment notwithstanding the verdict. They contend that the answers to the special interrogatories were in irreconcilable conflict with the general verdict and that, under the holding of this court in *Brooks v. Tacoma R. & Power Co.*, 130 Wash. 205, 226

Pac. 481, the former must control. A finding that there were two impacts, they say, necessarily embodies a finding that there were two injuries, and there being no evidence on which the jury could apportion plaintiff's damages, the action must be dismissed for failure of proof.

No instructions pertaining to the apportionment of damages were given; and, so far as the record shows, none was requested. The case was tried on the theory that the plaintiff suffered a single injury, and this theory was embodied in the court's instructions. Instruction No. 7 reads:

"When the concurring negligence of two or more persons proximately causes an injury, each is liable regardless of the relative degree in which each contributes to the injury."

In instruction No. 19, the jury was told:

"You are instructed that if you find the sole proximate cause of the accident was negligence on the part of both defendants Young and Teague, then you will return a verdict for the plaintiff against both defendants, filling in the amount you allow; you will also return a verdict for the defendants Teague as to the cross-complaint of defendants Young.

"If you find that the sole proximate cause of the accident was negligence of only the defendant Young, then you will return a verdict for the plaintiff and against the defendants Young, filling in the amount you allow; you will also return a verdict for the defendants Teague as to the cross-complaint of defendants Young.

"If you find that the sole proximate cause of the accident was negligence of only the defendant Teague, then you will return verdicts for both the plaintiff and the defendants Young, filling in the amounts you allow.

"If you find the accident resulted from negligence on the part of all three drivers, then you will return a verdict for defendants as to plaintiff's complaint and for the defendants Teague as to the cross-complaint.

"You are instructed that it will be necessary for you to return verdicts as to two causes of action, first as to plaintiff's complaint and second, as to the cross-complaint of the defendants Young."

In instructing the jury as to the measure of the plaintiff's damages, the court told the jury that it should if it found for the plaintiff compensate him for the damages arising

out of the accident and proximately caused by the negligence of the party against whom the jury should find, taking into consideration, among other relevant items, the "character and extent of his injury."

■ Other standard instructions were given, but, aside from the special interrogatories, those recited or referred to above are the only instructions which pertain to the issue raised on this appeal. No exception was taken to any of the instructions, and no error is assigned upon them, nor is any error assigned to the refusal of requested instructions. Where the appellant has not excepted to any of the instructions given by the court nor proposed any additional instructions, the instructions given by the trial court become the law of the case. *Trosper v. Heffner,* 51 Wn. (2d) 268, 317 P. (2d) 530; *Becker v. Tacoma Transit Co.,* 50 Wn. (2d) 688, 314 P. (2d) 638. As we said in *Schneider v. Noel,* 23 Wn. (2d) 388, 160 P. (2d) 1002, where no error is assigned upon the instructions, for still stronger reason, they become the law of the case.

The defendants now contend that, under the applicable law, the verdict rendered in favor of the plaintiff against both of them cannot stand, because the answers to special interrogatories show there were two impacts, and necessarily it must follow that there were two injuries. As a consequence, they say, each of them is liable for only that portion of the plaintiff's damage attributable to the impact caused by his negligence.

The medical testimony tended to show the plaintiff's injury to be unseverable and that as a practical matter it would be impossible to segregate the portion attributable to each impact. (On the short record before us, it appears that he suffered a whiplash injury.)

The rule for which the defendants contend, was expressed in *Young v. Dille,* 127 Wash. 398, 220 Pac. 782, as follows:

" . . . To be joint tort-feasors, the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury. . . ."

In that case the plaintiff had suffered injuries in one collision which were *capable of definite measurement.* Almost immediately thereafter another automobile, driven by another defendant, ran into him, causing additional injuries. This court held that a jury verdict attempting to segregate his damages could not stand, since there was insufficient evidence to support it, and ordered a new trial.

Assuming, without deciding, that the rule announced in that case is applicable to the facts of this case, even though the injuries attributable to each impact are incapable of definite measurement,[2] the defendants cannot now rely on it. This case was tried on the theory that the plaintiff sustained a single injury, and the instructions of the trial court all embody this theory. Nowhere in the instructions was it suggested that the jury might find that the plaintiff suffered two injuries, or, that if it did so find, that the plaintiff should recover from each defendant only so much of his damages as were attributable to his negligence. On the contrary, the jury was told that it might find under the evidence (which we have not been asked to review on this appeal) that the "accident" was caused by the negligence of both defendants, and that if it did so find, its verdict should be for the plaintiff against both defendants. If the answers to the special interrogatories necessarily imply a finding of two injuries, that finding is contrary to the instruction, and cannot stand.[3]

In the case of *Scholz v. Leuer,* 7 Wn. (2d) 76, 109 P.

---

[2]There is language in *Hufford v. Cicovich,* 47 Wn. (2d) 905, 290 P. (2d) 709, which suggests that this court would be inclined to adopt the California rule of *Summers v. Tice,* 33 Cal. (2d) 80, 199 P. (2d) 1, 5 A. L. R. (2d) 91, imposing joint and several liability when plaintiff's evidence tends to show that it is impossible to segregate the damage caused by independent tort-feasors, but giving the latter the opportunity to apportion the damage if they can.

[3]See *Bullis v. Ball,* 98 Wash. 342, 167 Pac. 942, wherein the plaintiff attempted to sustain a general verdict on the basis that it implied a finding of negligence of the defendant in failing to look and see what was there to be seen. We held that inasmuch as the jury was not instructed that this was the defendant's duty, no such finding could be implied, the jury being limited in its deliberation to the issues presented in the instructions.

(2d) 294, the defendants attempted to raise for the first time in this court the question of their community liability, contending that there was no evidence to justify a verdict against the community property. Holding that the appellants might not thus broaden the issues of the case, this court quoted the rule stated in 4 C. J. S. 480, § 241, as follows:

" 'Where a case is tried without objection, upon the theory that the only issue is as to one question of fact, a party cannot urge, in the appellate court, that the evidence upon some other question of fact was insufficient to justify the verdict, and when parties submit a cause upon a single hypothesis, and expressly or impliedly agree that that point shall be the only issue in the case, review on appeal is limited to the single issue.' "

Where, as here, an issue of fact is not presented to the jury, and no exception is taken for failure to present such issue, and there is no motion for a new trial, an alleged error which requires reference to such issue cannot be considered on appeal. *Schedler v. Wagner,* 37 Wn. (2d) 612, 225 P. (2d) 213, 230 P. (2d) 600, 26 A. L. R. (2d) 604. When they failed to except to the court's instructions and to request instructions embodying their theory that if the plaintiff's automobile was involved in two separate impacts, each defendant could be held liable for only that portion of the plaintiff's damages attributable to the impact from his vehicle, the defendants impliedly agreed that, insofar as the plaintiff's cause of action was concerned, the only issues were: Was the accident caused by the negligence of one or both of the defendant drivers; was the plaintiff guilty of contributory negligence; and, if the negligence of one or both of the defendants caused the accident, how much was the plaintiff damaged?

That there was evidence to support the jury's findings on these issues, is not disputed. We see no reason therefore to disturb the verdict.

The judgment is affirmed.

WEAVER, C. J., HILL, FOSTER, and HUNTER, JJ., concur.