GEORGE QUACKENBUSH, *Respondent,* v. THE STATE OF
WASHINGTON *et al., Appellants.*\*

*The Attorney General, Frank D. Howard, Special Assistant,* and *Mike Johnston, Assistant,* for appellants.

*A'Lan S. Hutchinson,* for respondent.

LAWLESS, J.†—On November 28, 1964, the defendant, Richard W. Carney, a deputy game protector, found the plaintiff, George Quackenbush, and others in a closed hunting area. A justice court violation ticket was issued charging the plaintiff with "hunting elk in closed area . . . recommended bail $25.00." The plaintiff was directed to appear within 7 days.

After the plaintiff voluntarily appeared twice, December 5, 1964 and December 12, 1964, the justice of the peace referred the plaintiff to the game protector, George Smallwood. A spirited conversation ensued resulting in the plaintiff posting a $250 bail rather than the recommended $25.

\*Reported in 434 P.2d 736.

†Judge Lawless is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The hunting violation was subsequently dismissed without trial.

The plaintiff, Quackenbush, brought this action against the state of Washington and both game protectors charging Richard W. Carney with false arrest and assault, and charging George Smallwood with malicious prosecution and violation of the plaintiff's civil rights. The trial court properly dismissed the state of Washington in that the plaintiff failed to present and file his claim against the state with the state auditor in accordance with the provisions of RCW 4.92.100-110.

At the time of trial the plaintiff was permitted to amend his complaint charging that on December 12, 1964, the defendant, George Smallwood pushed and shoved the plaintiff in such a manner as to constitute an assault. The defendants objected and moved for a continuance. The motion for continuance was denied. The trial court also granted the defendants' motion to strike the plaintiff's allegations of malicious prosecution and violation of civil rights. The two remaining theories, false arrest and assault, were submitted to the jury resulting in a defense verdict for Richard W. Carney and a $300 verdict for the plaintiff against defendant George Smallwood. From the entry of judgment George Smallwood appeals.

■ Error is assigned to the giving of instruction No. 4 which in attempting to define the term "arrest" improperly used the term "false arrest." It is doubtful that the misnomer would have prejudiced defendant Carney in that instructions Nos. 4, 8, 9 and 10 when read together, fully define the conditions that must prevail to constitute a false arrest. *State v. Rosi*, 120 Wash. 514, 208 Pac. 15 (1922). The arrest in issue was made by defendant Carney. The jury found in his favor and he is not a party to this appeal. The error in no way prejudiced Smallwood. *State v. Clayton*, 32 Wn.2d 571, 577, 202 P.2d 922 (1949).

The remaining assignment of error challenges the trial court's refusal to grant defendant Smallwood a continuance after allowing the plaintiff a trial amendment. The defend-

ants contend that "[t]o claim an assault by a different individual, at a different location, and more than a week later, certainly embodies the element of surprise." Standing alone the incident could have been an abuse of discretion, but when related to the circumstances confronting the trial court, we do not believe error was committed. The motion to strike the claims against Smallwood relating to intimidation and violation of civil rights had been granted coincidentally with the plaintiff's amendment charging assault. All of this occurred on the morning of the trial and it is evident that the same witnesses at the same location would have had to appear whether the charge was intimidation or assault by pushing.

■ Leave to amend is properly within the discretion of the trial court and should be freely given when justice so requires. Rule of Pleading, Practice and Procedure 15(a), RCW vol. 0. The standards in applying the rule remain the same as announced in *Bowers v. Good,* 52 Wash. 384, 386-87, 100 Pac. 848 (1909):

> The true test is found in the answer to the question, is the opposing party prepared to meet the new issue. His remedy, therefore, when a new issue is sought to be presented by an amendment, is not to object to it merely, but to show in addition that he is unprepared to meet the new issue. In such case, the trial court will, in its discretion, either continue the case in order to allow him to prepare for trial of the new issue, or deny the right to amend.

The trial court held that in considering all of the circumstances the defendants could meet the new issue without undue prejudice or surprise. We agree.

The judgment of the trial court is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.