[No. 5137–1–II.   Division Two.   May 28, 1982.]

WILLIAM L. ELLIOTT, ET AL, *Appellants,* v. TIMOTHY BARNES, ET AL, *Respondents.*

*Jeffrey A. Smyth,* for appellants.

*Michael McKasy* and *William L. Hess,* for respondents.

WORSWICK, J.—Plaintiffs appeal a summary judgment of dismissal claiming that the trial court erred in ruling that the plaintiffs' release of a defendant effected the release of all other defendants. We affirm.

Plaintiffs (the Elliotts) purchased a parcel of real property from the defendant sellers (the Lequires). After the sale had closed and the plaintiffs had commenced building a home on the property, they discovered that their reliance on the sellers' agents' representations regarding the property boundaries and the availability of utilities was misplaced. The boundary lines were approximately 100 feet off what had been described. Consequently, instead of being flat land, about one–third of the property lay on a steep bank. Utilities (water, sewer, and power) proved to be difficult and costly to obtain, contrary to the selling agents' representations that they could be had easily and cheaply.

Plaintiffs brought this action against the sellers, the listing agent (defendant Baty employed by defendant Peacock Real Estate) and the selling agent (defendant Barnes employed by defendant Spot Realty), alleging that the sellers were represented by the listing agent and selling agent, that the selling agent made intentional or reckless misrepresentations of material facts to the plaintiffs, that at least some of the information originated with the listing agent and that the plaintiffs justifiably relied on the misrepresentations to their detriment.

While the action was pending, plaintiffs released the defendant listing agent (Baty and Peacock) in return for

substantial compensation. The written release instrument, executed in December 1979 and January 1980, states that all claims between the plaintiffs and the listing agent involved in this cause of action were "compromised, satisfied, and settled."

The trial court granted the selling agent's motion for summary judgment holding all defendants were joint tortfeasors and that plaintiffs' release of one released all. Plaintiffs' last–ditch motions to amend their complaint and for reconsideration of the summary judgment were denied.

The dispositive question is whether the defendant listing and selling agents were joint or concurrent tortfeasors.[1] On oral argument plaintiffs' counsel admitted that the instrument involved accomplished the total release of the listing agent and did not purport to reserve to plaintiffs any cause of action against any party. If the listing and selling agents were joint tortfeasors, the total release of the listing agent effected the release of the selling agent. *J.E. Pinkham Lumber Co. v. Woodland State Bank,* 156 Wash. 117, 286 P. 95 (1930); *Litts v. Pierce Cy.,* 5 Wn. App. 531, 488 P.2d 785 (1971). On the other hand, if the listing and selling agents are properly characterized as concurrent tortfeasors, the release of one would not necessarily release the other. *Litts v. Pierce Cy., supra; Callan v. O'Neil,* 20 Wn. App. 32, 578 P.2d 890 (1978); *Hawaiian Ins. & Guar. Co. v. Mead,* 14 Wn. App. 43, 538 P.2d 865 (1975).

Generally, a joint tort occurs only where the behavior of two or more tortfeasors is such as to make it proper to treat the conduct of each as the conduct of the others as well. *Rauscher v. Halstead,* 16 Wn. App. 599, 557 P.2d 1324 (1976). Where distinct actors work in concert according to a general plan in committing a single tort they are joint tortfeasors, *Michigan Millers Mut. Fire Ins. Co. v. Oregon–Washington R.R. & Nav. Co.,* 32 Wn.2d 256, 201 P.2d 207

---

[1]The plaintiffs have conceded on oral argument that the sellers' liability is extremely doubtful and that this suit cannot proceed against the sellers alone if the dismissal of the action against the selling agent is affirmed.

(1948). Joint tortfeasors must act in concert in committing the wrong or their acts, if independent of each other, must breach a joint duty and unite in causing a single injury. *Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 588 P.2d 1308 (1978); *DeMaris v. Brown,* 27 Wn. App. 932, 621 P.2d 201 (1980). Under the California formula, which has been recognized by our courts, the following three elements must all exist: (1) A concert of action; (2) a unity of purpose or design; (3) two or more defendants working separately but to a common purpose and each acting with the knowledge and consent of the others. *Rauscher v. Halstead, supra; Litts v. Pierce Cy., supra; Poe v. Sheeley,* 19 Wn. App. 833, 578 P.2d 63 (1978).

Plaintiffs allege a single source of their harm, the misrepresentation of material facts regarding the property they purchased. The listing and selling agents participated in the transaction with a single purpose, to locate a purchaser for the property. Although they owe their loyalty to the sellers, listing and selling agents as professionals share a common duty to avoid disseminating false information to prospective purchasers. *Tennant v. Lawton,* 26 Wn. App. 701, 615 P.2d 1305 (1980); *First Church of Open Bible v. Cline J. Dunton Realty, Inc.,* 19 Wn. App. 275, 574 P.2d 1211 (1978).

Here, information concerning utilities was obtained by the listing agent who relayed it to the selling agent who, in turn, passed it on to plaintiffs. As to the boundary information, after the plaintiffs expressed concern over the exact location of the property, the listing and selling agents returned to the property together to check their information. Based on their findings, the selling agent then confirmed the location of the boundary lines to the plaintiffs. It is apparent that in both instances the listing and selling agents collaborated for the singular purpose of selling the property. This collaboration satisfied the requirements of concerted action. The trial court was correct in ruling as a matter of law that the listing and selling agents were joint tortfeasors and that the release of the listing agent consti-

tuted a release of the selling agents.

Plaintiffs also contend that the trial court erred in denying their motion for leave to amend their complaint. This contention is without merit. A motion for leave to amend is addressed to the discretion of the trial court. *Mullen v. North Pac. Bank,* 25 Wn. App. 864, 610 P.2d 949 (1980); CR 15(a). The court's order denying leave to amend indicates that the denial was based on the undue delay of plaintiffs in seeking to amend their complaint. Undue delay is a proper ground for the denial of a motion for leave to amend. *Tagliani v. Colwell,* 10 Wn. App. 227, 517 P.2d 207 (1973). The record supports a finding of undue delay; the plaintiffs' motion for leave to amend came more than a year after the original complaint was filed but less than a week before the scheduled trial date. There was no abuse of discretion.

Plaintiffs also contend that the selling agent was dilatory in moving for summary judgment and that consequently summary judgment should have been denied. This contention is also without merit. CR 56(b) states that the defending party may move for summary judgment "at any time." The plaintiffs have provided no contrary authority.

Affirmed.

REED, C.J., and PETRIE, J., concur.

Reconsideration denied June 28, 1982.

Review denied by Supreme Court October 8, 1982.