[No. 6326-7-III.   Division Three.   June 5, 1986.]

HAROLD WAGNER, ET AL, *Appellants,* v. ALFRED MONTEILH, JR., ET AL, *Defendants,* LOUIS W. FIELD, ET AL, *Respondents.*

*Richard M. Holt, Robert T. Beaty,* and *Beaty & Holt, Inc., P.S.,* for appellants.

*Floyd E. Ivey* and *Westland, Liebler, Ivey & Alden,* for respondents.

GREEN, C.J.—Harold Wagner worked as a line mechanic or millwright at a potato processing plant. On October 20, 1981, his left hand was caught and crushed in a conveyor belt he was repairing. He was treated by Drs. Alfred Monteilh and Louis W. Field. Notwithstanding that treatment, his hand was amputated by a Seattle surgeon on October 26, 1981.

Mr. and Mrs. Wagner brought this action against Drs. Monteilh and Field, claiming the doctors' treatment of the hand was negligent. At trial, they presented evidence that but for that negligence, the amputation would never have occurred and Mr. Wagner's hand would have returned to normal or he would have had only slightly restricted use of it. Drs. Monteilh and Field defended on the basis they were not negligent and no amount of treatment could have prevented the hand from being severely disabled or amputated.

A jury verdict assigned 100 percent negligence to Dr. Field and absolved Dr. Monteilh of any fault. Mr. Wagner was awarded $37,500 damages. He moved for a new trial as to Dr. Field only. Dr. Field moved for a judgment notwithstanding the verdict. Both motions were denied from which both Dr. Field and Mr. Wagner appeal.

Mr. Wagner contends the jury award was grossly inadequate and resulted from the court erroneously giving the italicized portion of instruction 9:

The defendants are not liable for plaintiffs' injuries or damages which were proximately caused by Mr. Wagner's original injury at Roger's of Walla Walla, and you are not to consider the question of fault regarding the original injury. *The plaintiffs have the burden of proving the extent to which, if any, the plaintiffs' injuries or damages were increased by the negligence, if any, of one or more of the defendants.*

(Italics ours.) He argues it was error to place upon him the burden of proving the extent to which his injuries were increased by the negligence of Dr. Field. That burden, according to Mr. Wagner, rests upon Dr. Field. He relies upon *Phennah v. Whalen,* 28 Wn. App. 19, 621 P.2d 1304 (1980), *review denied,* 95 Wn.2d 1026 (1981). Dr. Field argues the instruction was correct and the court erred by not dismissing the action because Mr. Wagner failed to meet his burden of segregating the damage attributable to Dr. Field's negligence from the original injury, citing *Scott v. Rainbow Ambulance Serv., Inc.,* 75 Wn.2d 494, 452 P.2d 220 (1969).

Unlike the instant case, both decisions discuss apportionment of damages between wrongdoers. *Phennah* involved injury caused by successive tortfeasors in two unrelated automobile accidents. The court held:

[O]nce a plaintiff has proved that each successive negligent defendant has caused some damage, the burden of proving allocation of those damages among themselves is upon the defendants; if the jury find that the harm is indivisible, then the defendants are jointly and severally liable for the entire harm.

*Phennah,* at 29. On the other hand, *Scott v. Rainbow Ambulance Serv., Inc., supra,* involved injury initially caused by the *plaintiff* when she fell on a snow covered street, which was aggravated when the ambulance company dropped her from a stretcher. The case was dismissed after opening argument in which the plaintiff stated there would be no testimony apportioning the injuries. The court refused to shift the burden of proof based upon those cases which recognize that a faultless plaintiff should not be

denied redress because he cannot apportion damages caused by more than one wrongdoer. Dismissal was affirmed, the court stating at page 498:

> When the facts of the case are such that plaintiff is clearly one of the two persons responsible for the injury involved, and plaintiff makes no attempt to segregate those damages, we find no over–riding reason in justice for shifting that burden of proof to the defendants.

Dr. Field contends this case is like *Scott* because Mr. Wagner contributed substantially to his own injury, and consequently has the burden of segregating his damages.

The burden of pleading and proving the plaintiff's negligence is on the defendant. *Godfrey v. State,* 84 Wn.2d 959, 965, 530 P.2d 630 (1975). Here, there is no evidence of who was responsible for the original injury, nor did Dr. Field request a jury instruction on comparative negligence. Dr. Field cannot raise on appeal what was not litigated in trial. *Smith v. Shannon,* 100 Wn.2d 26, 666 P.2d 351 (1983). Consequently, for purposes of this appeal, we presume a faultless plaintiff. *Phennah,* at 22.

With this in mind, we turn to *Scott.* There the court indicated that even a plaintiff who is at fault would not be required to absolutely segregate his damages. The court, referring with approval to the instruction given in *Smith v. Rodene,* 69 Wn.2d 482, 418 P.2d 741, 423 P.2d 934 (1966), stated the plaintiff only need show "by a fair preponderance of the evidence, insofar as reasonably possible, which of plaintiffs' injuries were probably attributable to the first accident and which were probably attributable to the second accident." (Italics omitted.) *Scott,* at 498. Here, instruction 6 already placed the burden of proof on Mr. Wagner to prove by a preponderance of the evidence that Dr. Field was negligent and that negligence proximately caused him injury. Moreover, the first part of instruction 9 correctly informed the jury that neither doctor was liable for damages caused by the initial injury. *Peddicord v. Lieser,* 5 Wn.2d 190, 198, 105 P.2d 5 (1940); *Cranford v. O'Shea,* 83 Wash. 508, 511–12, 145 P. 579 (1915). Nothing

more was required.

Unlike *Scott,* who made no attempt to segregate her damages, Mr. Wagner presented evidence of the condition his hand would have been in but for the negligent treatment versus amputation, which subsequently occurred as a result of the alleged negligent treatment. Applying the more onerous *Scott* standard, Mr. Wagner did segregate his damages insofar as reasonably possible as to which injuries were attributable to the initial injury and which were attributable to the negligent treatment.

Once liability is established, a more liberal rule is applied when allowing assessment of the damage amount. *Moore v. Smith,* 89 Wn.2d 932, 944, 578 P.2d 26 (1978). To instruct the jury that Mr. Wagner had the burden of proving the *extent* of damage was error because it was an incorrect statement of the law and was potentially confusing to the jury. The pain and suffering Mr. Wagner experienced from Dr. Field's negligence is not susceptible of precise measurement; therefore,

> "there need be no evidence which assigns an actual dollar value to the injury." . . . "'The subject matter being difficult of proof, [the amount of damages] cannot be fixed with mathematical certainty by the proof.'"

*Rasor v. Retail Credit Co.,* 87 Wn.2d 516, 531, 554 P.2d 1041 (1976); *Adams v. State,* 71 Wn.2d 414, 429 P.2d 109 (1967). That is not to say it was unnecessary to present specific proof concerning special damages, *e.g.,* doctor and hospital bills, and lost wages occurring because of Dr. Field's negligence. *See Gonzales v. Peterson,* 57 Wn.2d 676, 683, 359 P.2d 307 (1961). That requirement, however, is sufficiently covered by the instructions given without including the latter part of instruction 9. Thus, we find the giving of instruction 9 was error.

We therefore reverse and remand for trial on the issue of damages only.

MUNSON and THOMPSON, JJ., concur.

Review denied by Supreme Court September 2, 1986.