[No. 19407–1–I. Division One. March 28, 1988.]

PERNIE WALLA, *Respondent,* v. JEFF JOHNSON, ET AL, *Petitioners.*

880

*Nancy R. Ashley* and *Schweppe, Krug & Tausend,* for petitioners.

*James P. Hunter* and *Anderson, Hunter, Dewell, Baker & Collins, P.S.,* for respondent.

SCHOLFIELD, C.J.—Jeff Johnson, Kona Gold Corporation and Tierra Cosmetics appeal the trial court's denial of their motion to amend their answer and to file counterclaims. We reverse and remand.

## FACTS

Pernie Walla, doing business as Kona Distributing, entered into a distribution agreement with Johnson, Kona Gold Corporation and Tierra Cosmetics (hereinafter Johnson) to be the sole distributor for Kona Gold products in the United States. On September 26, 1984, Walla sued Johnson for breaching that agreement, and for tortiously interfering with Walla's contractual relations with his customers. A notice of appearance on behalf of Johnson was filed on October 9, 1984.

On February 25, 1985, Walla's attorney filed a motion and affidavit for default for failure of Johnson to file an answer. Johnson filed an answer on March 21, 1985, containing a general denial of the allegations set forth in the complaint. On August 12, 1985, Johnson filed a notice of withdrawal and substitution of counsel.

On October 3, 1986, Johnson filed a motion for leave to file a first amended answer and counterclaims. The

amended document admitted the relationships between the parties with respect to the distribution agreement, but denied the allegations that Johnson breached the agreement. The amended document stated as affirmative defenses that Walla breached the distribution agreement, relieving Johnson of his obligations to comply with the agreement, that Walla failed to mitigate his damages, and that Walla waived enforcement of the distribution agreement.

The amended document also stated four counterclaims. These were that Walla breached the distribution agreement, that Walla violated the Consumer Protection Act by engaging in unfair business practices and deceptive acts, that Walla had engaged in trade name disparagement, and finally that Walla breached a royalty agreement between himself and Johnson. The document further alleged that Johnson was damaged by all of these actions of Walla.

In a declaration in support of the motion to amend, Johnson's counsel stated that no prior amendments had been filed, and that Walla's counsel had been apprised of the nature of the counterclaims and would not be surprised or prejudiced by granting leave to amend.

In resistance to the motion for leave to amend, Walla's counsel submitted a declaration that he first was informed of Johnson's desire to amend and file counterclaims on September 15, 1986, and that he refused to agree to amendment without first seeing the written amended answer. Walla's counsel further alleged in the statement that the motion to amend was brought 3 months before trial, and that it would be not only impractical, but nearly impossible, to conduct necessary discovery proceedings and to prepare adequately to respond to the affirmative defenses and counterclaims.

On October 23, 1986, after a hearing, the trial court denied the motion for leave to amend the answer and to file counterclaims. Although the order originally stated that the denial was because the motion was untimely, this language was struck (lined out) from the order.

According to Johnson's counsel, at the time of entry of the order, Walla's counsel objected to the language in the order stating the reason for denial of the motion, and the trial court struck the reason from the proposed order.

Johnson filed a timely motion for discretionary review with this court, and the proceedings below were stayed pending the outcome of this court's review. On December 16, 1986, this court granted the motion for discretionary review.

### AMENDMENTS TO PLEADINGS

■ CR 15(a) reads in part as follows:

> **Amendments.** A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The amendment of pleadings is addressed to the sound discretion of the trial court, whose determination will be overturned on review only for abuse of such discretion. *Lincoln v. Transamerica Inv. Corp.*, 89 Wn.2d 571, 573 P.2d 1316 (1978). An abuse of discretion is "discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

In *Tagliani v. Colwell*, 10 Wn. App. 227, 517 P.2d 207 (1973), an action for personal injuries, the plaintiff appealed from a denial of a motion to amend the pleadings and from a summary judgment entered in the defendant's favor. The first amended complaint restated the original complaint and stated two additional causes of action. The motion for leave to amend was filed after the defendant's answer to the original complaint, and after the motion for summary judgment had been argued, but before the formal

entry of the order granting summary judgment. The *Tagliani* court, in reversing the denial of leave to amend, quoted the United States Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962) as follows:[1]

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . the leave sought should, as the rules require, be "freely given."

*Tagliani v. Colwell, supra* at 233.

Because the trial court in the case before us declined to state a reason on the record for its denial of the motion to amend the pleadings, we cannot ascertain whether its decision was based on untimeliness of the motion or on some other reason. We hold that the trial court abused its discretion in denying leave to amend the answer.

Although undue delay is a legitimate ground for denying leave to amend the pleadings, such delay must be accompanied by prejudice to the nonmoving party. *Appliance Buyers Credit Corp. v. Upton,* 65 Wn.2d 793, 399 P.2d 587 (1965). In *Elliott v. Barnes,* 32 Wn. App. 88, 645 P.2d 1136 (1982), purchasers of real estate sought damages from the sellers. One week before the scheduled trial date, the plaintiff sought leave to amend the complaint, which was denied.

On appeal, the *Elliott* court affirmed the trial court's decision, noting that the trial court's order was based on undue delay of the plaintiffs in seeking the amendment, coming more than 1 year after the original complaint was filed, but less than 1 week before trial. The court held that

---

[1]The *Foman* case construes Fed. R. Civ. P. 15(a), which is identical to CR 15(a).

because undue delay was an adequate ground for denial of the motion, there was no abuse of discretion. *Elliott,* at 92.

However, in *Caruso v. Local 690, Int'l Bhd. of Teamsters,* 100 Wn.2d 343, 670 P.2d 240 (1983), the plaintiff filed an action seeking damages for defamation and interference with business relations. He was allowed to add the defamation claim 5 years 4 months after the filing of the original complaint. The *Caruso* court noted that the purpose of pleadings is to enable a proper decision to be made on the merits, and not to erect formal and burdensome impediments to litigation. *Caruso,* at 349.

The *Caruso* court held that delay in and of itself is insufficient to deny leave to amend:

> The touchstone for denial of an amendment is the prejudice such amendment would cause the nonmoving party.

*Caruso,* at 350.

The *Caruso* court noted that the nonmoving party filed an affidavit that it would suffer undue prejudice because of lack of prior knowledge, making it difficult to prepare a defense, but the affidavit set forth no specific objections relating to actual prejudice. The *Caruso* court held that this was an insufficient showing to find that the trial court abused its discretion. *Caruso,* at 351.

In the case before us, if the trial court's decision was based on undue delay, such a decision was an abuse of discretion. Unlike an attempt to amend the pleadings less than 1 week before trial, a motion to amend brought 3 months before a trial date allows sufficient time to conduct adequate discovery and prepare a case for trial, absent special circumstances. The affidavit submitted by Walla provided the trial court with no specific facts to support a finding of prejudice, but simply stated that it would be impractical or impossible to prepare for trial. Such conclusory assertions do not rise to the level of showing actual prejudice.

We find that no prejudice was shown by Walla. Had the trial court been concerned about the length of time necessary to prepare for trial, it was within the court's discretion to grant a continuance. *Quackenbush v. State,* 72 Wn.2d 670, 434 P.2d 736 (1967).

Although the grant or denial of an opportunity to amend is within the discretion of the trial court, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman,* 371 U.S. at 182. *See also Appliance Buyers Credit Corp. v. Upton, supra.*

We find that no grounds exist to deny Johnson's motion to amend the pleadings to include affirmative defenses.[2]

OMITTED COUNTERCLAIMS

CR 13(f) reads as follows:

**Omitted Counterclaim.** When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.[3]

Remedies provided by CR 13(f) and CR 15(a) are mutually exclusive in the sense that the assertion of an omitted counterclaim is made pursuant to CR 13(f) and not CR 15(a). *Stoner v. Terranella,* 372 F.2d 89 (6th Cir. 1967). The clause "or when justice requires" is an independent ground under which the court may grant leave to set up omitted counterclaims by amendment. *Smith Contracting Corp. v. Trojan Constr. Co.,* 192 F.2d 234 (10th Cir. 1951).

---

[2]We recognize that, strictly speaking, if the trial court fails to state its reasons on the record, one remedy is to give the trial court the opportunity to do so. However, because the lengthy delay of this trial in order to process Johnson's appeal has afforded Walla ample time to conduct discovery and prepare for trial, observance of that technical formality would unduly prolong this litigation.

[3]Fed. R. Civ. P. 13(f) and CR 13(f) are identical.

 According to one commentator, the language used in CR 13(f) is so broad as to nearly make such leave subject to the uncontrolled discretion of the court; this commentator opines that such liberality is understandable because of the possibility that the compulsory counterclaim rule might prevent the defendant from ever raising his claim. 3A L. Orland, Wash. Prac. § 5165 (3d ed. 1980).

In agreement with Orland are Wright and Miller, who note that courts have been quite liberal about granting leave to amend under Rule 13(f). 6 C. Wright & A. Miller, *Federal Practice* § 1430 (1971). *See also Silvers v. TTC Indus., Inc.,* 484 F.2d 194 (6th Cir. 1973). Wright and Miller also state that the usual judicial practice is to examine each case on its facts, and to deny leave only when the delay is inexcusable, or the pleader has displayed a lack of good faith, or when the counterclaim may be left to an independent action or is totally lacking in merit. 6 C. Wright & A. Miller § 1430. *See New Britain Mach. Co. v. Yeo,* 358 F.2d 397 (6th Cir. 1966) (no abuse of discretion to deny motion to file counterclaim made after prolonged trial and a decision adverse to pleader announced); *Avon Pub'g Co. v. American News Co.,* 137 F. Supp. 896 (S.D.N.Y. 1955) (evidence of probable bad faith, inconsistency and prejudice to opposing party justify trial court's denial of request to add counterclaim 16 months after answer filed); *American Airlines, Inc. v. Transport Workers Union,* 44 F.R.D. 236 (N.D. Okla. 1968) (denial of leave to add counterclaim proper where counterclaim's subject matter differed significantly from main claim); *Kaplan v. United States,* 42 F.R.D. 5 (C.D. Cal. 1967) (leave to add a counterclaim totally lacking in merit properly denied).

The trial court may consider whether the omitted counterclaim is compulsory or permissive. If compulsory, the reasons for allowing its inclusion become highly persuasive, because omitted compulsory counterclaims cannot be subsequently asserted. 6 C. Wright & A. Miller § 1430.

There is a language discrepancy between rule 13(f) and rule 15(a), such that rule 15(a) refers solely to amendments

"when justice so requires", while rule 13(f) provides for amendments not only "when justice requires," but also when the claim was omitted through "oversight, inadvertence, or excusable neglect". However, this variation in wording has not resulted in different standards between the two rules for granting leave to amend. 6 C. Wright & A. Miller § 1430.

In *Smith Contracting Corp. v. Trojan Constr. Co., supra,* the 10th Circuit Court of Appeals favorably noted the similarity of the two rules through the "when justice requires" language contained in both, and held that since no prejudice would have accrued to the opposing party had the defendant been granted leave to set up its counterclaim, the trial court abused its discretion by denying leave to amend even though the motion was not made until after commencement of the trial. *Smith,* at 236.

Applying these rules to the facts before us, we also hold that the trial court abused its discretion in denying Johnson's motion to include the omitted counterclaims. The proposed counterclaims concerned Walla's breach of the distribution agreement, violation of the Consumer Protection Act, trade name disparagement, and breach of a royalty agreement. Although the issues of trade name disparagement and breach of a separate royalty agreement are arguably different from the main issue, they are still intimately connected to the distribution relationship between the parties. Thus, these counterclaims are most probably compulsory in nature, and might well be lost if not asserted here.

In addition, we find no evidence contained in the record to indicate lack of good faith or that the delay was inexcusable. We do recognize that the original complaint was filed on September 26, 1984, and that Johnson's present counsel replaced his previous counsel in August 1985, but that it was not until October 1986 that Walla's counsel received the proposed amended answer and counterclaims, and that such a delay is lengthy.

However, just as undue delay is an insufficient reason to deny leave to amend in the absence of prejudice to the opposing party under CR 15(a), we hold the same to be true under CR 13(f), given the similarity with which the courts have continued to interpret the two rules. As we noted above, Walla's declaration simply stated that it would be impractical or impossible to prepare for trial. This is an insufficient showing of prejudice under CR 13(f) as well as CR 15(a).

The trial court's order is reversed, and this case is remanded for proceedings consistent with this opinion.

SWANSON and PEKELIS, JJ., concur.