[No. 7479-0-III. Division Three. June 10, 1986.]

KENNETH KELSEY, ET AL, *Respondents*, v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, *Petitioner*.

*Blaine G. Gibson* and *McArdle, Dohn, Talbott & Simpson*, for petitioner.

*Terry P. Abeyta, Rodney K. Nelson,* and *Abeyta & Nelson, P.S.,* for respondents.

MUNSON, J.—Mutual of Enumclaw Insurance Company was granted discretionary review of the trial court's denial of its motion to require arbitration under the terms of an insurance policy. It contends Kenneth Kelsey was required to arbitrate his underinsured motorist claim following its written demand for arbitration. We agree and reverse.

On December 5, 1983, Mr. Kelsey suffered a spinal injury as a result of a 2–car accident. The driver of the other vehicle, Douglas A. Burkes, apparently had no automobile liability coverage. At the time of the accident, Mr. Kelsey's Mutual of Enumclaw insurance policy provided underinsured motorist coverage.

On December 4, 1984, Mr. Kelsey was injured in another accident when his automobile and one driven by Siraporn Winterfeld collided. Although his injuries in this accident were not identical, they were similar to those resulting from the first accident.

On July 24, 1985, Mr. Kelsey filed an action against Mutual of Enumclaw, in an effort to recover underinsured motorist benefits, and against the Winterfelds; Mr. Burkes was not named as a defendant. In its answer, filed August 19, 1985, Mutual of Enumclaw demanded arbitration of the insurance claim under the following policy provision:

E. ARBITRATION.
1. If we and a covered person disagree whether that person is legally entitled to recover damages from the owner or operator of any underinsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third and if they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expense it incurs, and bear the expenses of the third arbitrator equally.
2. Unless both parties agree otherwise, arbitration

will take place in the county and state in which covered person lives. A decision agreed to by two of the arbitrators will be binding.

When Mr. Kelsey refused to comply with its demand, Mutual of Enumclaw filed a motion to compel arbitration. Mr. Kelsey opposed the motion, claiming: (1) arbitration was optional, rather than mandatory; and (2) severance of the underinsured motorist claim would result in a duplication of legal expenses and could lead to inconsistent results in apportioning liability between the named defendants.

In denying the motion, the court found:

[T]he arbitration provision of the underinsured motorists provisions of said policy is ambiguous and construed said ambiguity in favor of the insured and found that arbitration was not required by the policy. The court further considered the fact that plaintiffs have two claims, one against Mutual of Enumclaw Insurance for an injury occurring on 5 December 1983, and one against defendant Winterfeld for an injury occurring on 4 December 1984, and noting that the plaintiffs alleged injuries from both collisions to his cervical and lumbar spine. The court further considering that requiring arbitration would mean that plaintiff's claims would have to be litigated in two different forums, and finding as an equitable matter that this could lead to results contrary to the requirement that the defendants have the burden of apportioning damages under [*Phennah v. Whalen*], 28 Wn. App. 19, [621] P.2d 1304 (1980) [*review denied,* 95 Wn.2d 1026 (1981)].

Thereafter, Mutual of Enumclaw sought discretionary review which was granted on the basis of obvious or probable error. RAP 2.3(b)(1) and (2). Mr. Kelsey's motion to modify the commissioner's ruling was denied.

■ The primary issue is whether the trial court erred in determining arbitration was not required under the insurance contract. Insurance policies are to be interpreted in accordance with the general rules applicable to all other contracts. *Jeffries v. General Cas. Co. of Am.,* 46 Wn.2d 543, 546, 283 P.2d 128 (1955). In this regard, the language of the policy must be given its plain and ordinary meaning.

*Thompson v. Ezzell,* 61 Wn.2d 685, 688, 379 P.2d 983 (1963). Although ambiguities are to be resolved in favor of the insured, they may not be created where none exist or constructions adopted which are strained or forced. *Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 73, 549 P.2d 9 (1976); *Morgan v. Prudential Ins. Co.,* 86 Wn.2d 432, 434–35, 545 P.2d 1193 (1976). Nor can matters outside the contract be considered when the intent of the parties is determinable from the language of the contract itself. *Hastings v. Continental Food Sales, Inc.,* 60 Wn.2d 820, 823, 376 P.2d 436 (1962).

Here, the arbitration provisions are unambiguous; once either party tenders its written demand for arbitration, that manner of resolving the dispute becomes mandatory. Although insurance contracts are subject to certain public policy limitations, it is clear provisions requiring arbitration of liability and damages are generally upheld because they "tend to fair dealing and the prevention of litigation." 6 J. Appleman, *Insurance* § 3921, at 512 (1972); *see also Hartford Accident & Indem. Co. v. Novak,* 83 Wn.2d 576, 586, 520 P.2d 1368 (1974); *Goldstein v. National Fire Ins. Co.,* 106 Wash. 346, 353, 180 P. 409 (1919); *Keesling v. Western Fire Ins. Co.,* 10 Wn. App. 841, 845–46, 520 P.2d 622 (1974).

It would appear the present action was brought in an attempt to have the plaintiffs' insurance company and Mrs. Winterfeld bear the burden of apportioning damages between them. As against one tortfeasor, the plaintiff bears the burden; as against successive tortfeasors, those defendants bear the burden of apportioning damages. *Phennah v. Whalen,* 28 Wn. App. 19, 621 P.2d 1304 (1980), *review denied,* 95 Wn.2d 1026 (1981). Here, Mr. Kelsey did not sue one of the two successive tortfeasors, Mr. Burkes; instead, he seeks to collect damages for the first accident under his own insurance policy. In order to do so, he must comply with the terms of that policy, *i.e.,* the arbitration provisions. The court may not alter the method by which the parties agreed to resolve their dispute. *See Balfour,*

*Guthrie & Co. v. Commercial Metals Co.,* 93 Wn.2d 199, 202–03, 607 P.2d 856 (1980).

The order denying the motion for arbitration is reversed.

McINTURFF, A.C.J., and THOMPSON, J., concur.

Review denied by Supreme Court September 2, 1986.