[No. 44327-5-I.    Division One.    March 27, 2000.]

CAROL ANN FICHTNER, ET AL., *Respondents*, v. MUTUAL OF
ENUMCLAW INSURANCE COMPANY, *Petitioner.*

*James M. Beecher* of *Hackett, Beecher & Hart*; and *Ronald L. Unger* of *Murray, Dunham & Murray*, for petitioner.

*David M. Beninger* of *Luvera, Barnett, Brindley, Beninger & Cunningham*, for respondents.

PER CURIAM — Although Mutual of Enumclaw paid the limits of the insurance policy it issued to Carol Fichtner for underinsured motorist (UIM) coverage, Fichtner moved to compel arbitration. The superior court erred when it granted the motion because no issues remained that were appropriate for the arbitrators to resolve. We, therefore, reverse.

Fichtner was injured in a car accident. The driver of the other car was found liable for Fichtner's damages. She settled her claim against the at-fault driver for $50,000, the limit of the at-fault driver's liability coverage.

Fichtner had underinsured motorist coverage under an insurance policy issued by Mutual of Enumclaw. The limit of that policy was $100,000. Fichtner submitted to the company a demand, supported by appropriate documentation, for UIM benefits. The company disputed the amount of damages and initiated arbitration.

The insurance policy set forth the conditions for arbitration:

> If we and a covered person disagree whether that person is legally entitled to recover damages from the owner or operator of any underinsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration.

Each party was to select an arbitrator, and those arbitrators would select a third arbitrator. When Mutual of Enumclaw failed to name an arbitrator, Fichtner moved to compel arbitration. Eventually the company named an arbitrator, and a date for arbitration was set. But before that date, Mutual of Enumclaw tendered to Fichtner $100,000, which was the limit of the policy.

Later, Fichtner filed a complaint against Mutual of Enumclaw, asserting that she had a right to UIM damages, as well as damages for Mutual of Enumclaw's negligence, and for the company's breaches of good faith, its fiduciary duty, statutory duties, and the consumer protection act. She moved again to compel arbitration. Because the company had tendered the full amount of the policy, it contended that it was not obligated to proceed to arbitration.

The lower court granted Fichtner's motion to compel arbitration and ordered the arbitration date to be reset. Mutual of Enumclaw then filed a motion for discretionary review with this court. The company argued that the superior court had committed an obvious error that would render further proceedings useless. A commissioner of this court concluded that the superior court had committed obvious error, but that Mutual of Enumclaw had failed to show that further proceedings would be useless. The commissioner, therefore, denied the motion. A three-judge panel, however, granted Mutual of Enumclaw's motion to modify the commissioner's ruling and granted discretionary review.

## The Superior Court Erred

Mutual of Enumclaw's policy indicated that regardless of the number of cars or people insured under its policy, or the claims made, the most it would pay for bodily injury or property damage resulting from any one accident was

$100,000. The company paid that amount. Nevertheless, the superior court granted Fichtner's motion to compel arbitration. The court erred.

■■ A party is required to arbitrate only those disputes it has agreed to arbitrate. *Meat Cutters Local 494 v. Rosauer's Super Mkts., Inc.*, 29 Wn. App. 150, 154, 627 P.2d 1330 (1981) (citing *Atkinson v. Sinclair Ref. Co.*, 370 U.S. 238, 241, 82 S. Ct. 1318, 8 L. Ed. 2d 462 (1962)). Fichtner and Mutual of Enumclaw agreed to arbitrate disputes over how much, if any, money was to be paid under the policy. Because Mutual of Enumclaw paid the maximum amount available, there were no issues appropriate for the arbitrators to resolve.

Relying upon RCW 7.04.060, Fichtner argues that the company had no choice but to arbitrate because it did not file a notice of motion to stay within 20 days of receiving a notice of intent to arbitrate. RCW 7.04.060 provides that when a written agreement calls for arbitration in the event of a controversy, and one of the parties to the agreement demands arbitration, that party must serve the other party with notice of its intention to arbitrate. The notice of intent to arbitrate must state that unless the party served with the notice in turn serves a notice to stay the arbitration, that party is "barred from putting in issue the existence or validity of the agreement or the failure to comply therewith."

Mutual of Enumclaw did not put the existence or validity of the agreement or the failure to comply with the agreement in issue and, therefore, its failure to file a notice of motion to stay the arbitration is of no consequence. Moreover, even if Mutual of Enumclaw's objection to the arbitration could be construed as an issue regarding "the existence or validity of the arbitration agreement or the failure to comply therewith," RCW 7.04.040(4) provides that a party may raise such issues either by making a motion for

a stay of arbitration or by contesting a motion to compel arbitration. The company contested Fichtner's motion to compel arbitration. Therefore, it is not required to arbitrate the remaining issues in dispute merely because it did not file a notice of motion to stay within 20 days of receiving a notice of intent to arbitrate.

Fichtner contends, however, that the superior court's granting of her motion to compel is consistent with this court's decision in *Kelsey v. Mutual of Enumclaw Insurance Co.*, 44 Wn. App. 49, 720 P.2d 858 (1986). In *Kelsey*, the court construed the same arbitration clause as is at issue in this case and held that arbitration was required. However, *Kelsey* is distinguishable.

Kenneth Kelsey was injured when his car collided with a car driven by Douglas Burkes, who was not insured. Later, Kelsey was injured in a second accident. His injuries in each accident were similar. He filed an action against the second driver, and against Mutual of Enumclaw, his insurer, to recover UIM benefits, but the driver in the first accident, Burkes, was not named as a defendant.

Mutual of Enumclaw demanded arbitration. As in this case, the policy stated that if the company and the insured disagreed whether the insured was entitled to recover damages from the owner or operator of any underinsured motor vehicle, or they did not agree as to the amount of damages, either party "may make a written demand for arbitration."

When Kelsey refused to comply with Mutual of Enumclaw's demand for arbitration, the company filed a motion to compel arbitration. Kelsey opposed the motion, contending that arbitration was optional, not mandatory, and that severing the UIM claim would double his legal expenses and could lead to inconsistent results. The trial court held that the policy was ambiguous and denied the motion to compel arbitration.

Division Two of this court held that the insurance policy

was not ambiguous: "once either party tenders its written demand for arbitration, that manner of resolving the dispute becomes mandatory." *Kelsey*, 44 Wn. App. at 52. But in *Kelsey*, unlike in this case, the company and the insured disagreed whether he was entitled to recover damages under the policy and as to the amount of damages. Hence, the court held that the policy required arbitration.

■ Fichtner contends that arbitration is required in this case, too, because she and Mutual of Enumclaw have not agreed on the amount of damages she is entitled to recover. But insurance policies must be construed sensibly and not in a manner that would lead to absurd results. *Mid-Century Ins. Co. v. Henault*, 128 Wn.2d 207, 213, 905 P.2d 379, 59 A.L.R.5TH 789 (1995). Because Fichtner and Mutual of Enumclaw agreed that she was entitled to the maximum amount of damages available under the policy, it would be absurd to require them to arbitrate the amount of her total damages. They have already established that her damages exceeded the policy limit.

Requiring the parties to arbitrate the issue of damages would be particularly absurd in light of *Price v. Farmers Insurance Co.*, 133 Wn.2d 490, 946 P.2d 388 (1997). That case makes clear that, even if the arbitrators determined the insured's total amount of damages, a separate proceeding would be necessary to determine the amount Fichtner could recover in her bad faith action against Mutual of Enumclaw.

In *Price*, Cline Price's insurance policy with Farmers provided liability coverage, personal injury protection (PIP), and UIM benefits. He was injured in an automobile accident and recovered $208,415 from the tortfeasor. Farmers paid Price $24,339 in PIP benefits, but Price demanded UIM benefits as well. Because Price and Farmers disagreed on the total amount of damages he had sustained, the matter had to be resolved pursuant to the insurance policy's arbitration clause. The arbitrators entered an award stating simply that "[t]he award in the above-referenced matter was $275,000 with Mr. Petersen dissenting." *Price*, 133

Wn.2d at 494. The figure awarded appeared to be the total amount of Price's damages. There was nothing to indicate it included any adjustments to offset the amounts Price previously recovered.

But when Price sought confirmation of the award under chapter 7.04 RCW, the scope of the proceeding expanded beyond what was submitted to the arbitrators. Price conceded that the arbitrator's award should be offset by the amount recovered from the tortfeasor, but the superior court decided that the award should not be offset by the amount Farmers had previously paid in PIP benefits.

This court reversed the superior court, holding that the lower court erred when it failed to offset the amount Farmers had paid in PIP benefit against the arbitration award. The Supreme Court, however, reversed, holding that "[a]lthough the propriety of a PIP offset under these circumstances and this policy language is a fascinating question," that issue need not have been resolved because the superior court had no authority to do anything other than reduce to judgment the matters that had been submitted to arbitration. *Price*, 133 Wn.2d at 495, 498, and 500. Any other matters had to be resolved by agreement, or in a separate declaratory judgment action. *Price*, 133 Wn.2d at 502.

Hence, even if the parties were to arbitrate the issue of the total amount of Fichtner's damages, a separate action would be required to determine whether or not she was entitled to recover damages from Mutual of Enumclaw for its alleged bad faith, breach of contract, and consumer protection act violations. Therefore, since Mutual of Enumclaw has already paid the limits of its policy, arbitrating the issue of damages would be pointless.

Fichtner concedes that further proceedings will be necessary to resolve her remaining claims against Mutual of Enumclaw. She contends, however, that the jury deciding those claims will use the arbitrators' determination of her damages in the automobile accident to assess the company's liability for those other claims. She cites WAC 284-30-

-330(7), which provides that "compelling insureds to institute or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings" is an unfair and deceptive act for which an insurer may be liable as a matter of law.

Assuming this code provision does provide a basis for the bad faith action, however, Fichtner has not shown that the total amount of her damages must be determined by arbitration, rather than by the jury that decides the bad faith issues. Her motion to compel arbitration should have been denied.

## Attorney Fees

■ Fichtner argues that she is entitled to attorney fees for responding to the motion for discretionary review, pursuant to *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991). But *Olympic Steamship* authorizes an award of attorney fees only if the insured is required to litigate an issue of coverage, as opposed to the value of the claim. *Price*, 133 Wn.2d at 497-98. Mutual of Enumclaw did not dispute coverage, and Fichtner sought arbitration only for a determination of the total amount of damages she incurred. She, therefore, is not entitled to her attorney fees for responding to the motion for discretionary review.

The decision of the superior court is reversed. Fichtner is not entitled to an award of attorney fees.